SALVADOR VIETA PUIG, demandante y apelante, *v.* ISIDORO ALVAREZ GONZÁLEZ, demandado y apelado. EL MISMO, demandante y apelado, *v.* EL MISMO, demandado y apelante.

Núms. 7541 y 7548.—*Sometidos:* Junio 8, 1938. *Resueltos:* Marzo 10, 1939.

*González Fagundo & González, Jr.,* abogados del demandante, apelante y apelado; *A. L. López,* abogado del demandado, apelado y apelante.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Dos apelaciones se han interpuesto en este pleito. Una por el demandante contra la sentencia que declaró sin lugar su demanda y otra por el demandado contra la resolución de la corte por virtud de la cual quedó aprobado el pliego de excepciones preparado por el demandante a los efectos de

perfeccionar su apelación sin incluirse tres documentos que el demandado presentó en evidencia y que la corte no admitió.

Se trata de un pleito sobre reivindicación. Alegó el demandante ser dueño de un solar marcado con el número 1 de la calle de Ruiz Belvis de Caguas, P. R., de diez y seis varas de frente por treinta y dos de fondo en lindes por el Norte con la indicada calle, por el Oeste con Carmen Flores de Bonilla, por el Este con terrenos de Leonarda Rodríguez, antes, hoy con la calle de Rafael Cordero. y por el sur "sus fondos con los fondos de un bohío de Ramón Mejías", hallándose la finca inscrita al folio 180 del tomo 62 de Caguas, con el número 837 triplicado, inscripción novena.

Alegó además que el demandado se encuentra detentando una porción de la indicada finca que describe así: "parcela que mide 16 varas por el Norte, 16 por el Sur, 14 por el Este y 14 por el Oeste, colindando por el Este con la calle Rafael Cordero, antes terrenos de Doña Leonarda Rodríguez, por el Oeste con fondos de la casa de Carmen Flores de Bonilla, por el Norte con la finca descrita en el hecho anterior de la cual forma parte integrante y por el Sur hoy con Tomasa Lebrón."

Y alegó por último que la porción detentada vale más de quinientos dólares, habiéndose negado el demandado a devolvérsela no obstante los requerimientos que le ha hecho.

Por la contestación se plantean diferentes cuestiones. En primer lugar niega el demandado que el demandante sea dueño del solar número uno de la calle de Ruiz Belvis que describe en su demanda y afirma que dicho solar pertenece al Municipio de Caguas como parte integrante de la finca de ochenta y una cuerdas, que describe y que está inscrita a su favor desde 1890 al folio 92 del tomo 11 de Caguas, finca 562, inscripción primera.

Sigue alegando que si bien el solar consta inscrito en el registro por su inscripción novena a favor del demandante,

es lo cierto que la inscripción primera lo fué de casa y solar a favor de Agustín Ramírez en 1900 a virtud de información posesoria en la que Ramírez no presentó certificación del pago de contribuciones sobre la casa ni sobre el solar, ni notificó al municipio como colindante ni de la incoación del expediente, sin que Ramírez ni sus sucesores incluso el demandante hayan estado en ningún tiempo en la posesión ni hayan declarado jamás como propio dicho solar en las planillas para la imposición de las contribuciones, habiendo por el contrario manifestado que el solar es propiedad del municipio; alegando además que ni Ramírez ni sus sucesores han poseído desde 1902 la parte del solar que se sostiene que el demandado detenta, habiéndola poseído en concepto de usufructuario de su dueño el municipio, Ruperto Aponte Díaz desde 1902 hasta 1919 y desde 1919 hasta el presente el demandado.

Todas esas alegaciones se hacen en contestación al párrafo primero de la demanda. Contestando el segundo el demandado niega que detente la porción que en la demanda se describe y por el contrario alega que dentro de las colindancias indicadas radica la siguiente finca: *"Urbana.*—Casa terrera de maderas y techo de zinc, marcada con el número 28 de la calle de Rafael Cordero de Caguas de nueve metros de frente por ocho metros quince centímetros de fondo, enclavada en solar del Municipio de dicha Ciudad de diez metros setenta centímetros de fondo, lindante por el Norte con solar yermo del Municipio de Caguas, por el Sur con casa de Tomasa Lebrón, por el Este con la calle de Rafael Cordero y por el Oeste con casa de Paula Maldonado, cuya casa fué edificada por Aponte en 1902 en solar del Municipio cedídole en usufructo a tal fin", inscrita a su favor con vista de la escritura pública de edificación de junio 3, 1916 y de la certificación de igual fecha expedida por el Secretario Municipal de Caguas, finca 2295, inscripción primera extendida en junio 15, 1916, habiéndose trasmitido su propiedad por Aponte y su esposa al demandado por escritura pública de julio 22, 1919, inscrita desde junio 15, 1922, en el registro,

al folio 28 vuelto del tomo 49 de Caguas y habiéndola poseído como dueño el demandado desde la fecha de su adquisición.

En otro párrafo de la contestación numerado como el tercero se niega que el valor de la parcela reclamada sea superior a quinientos dólares y en contrario se afirma que en ningún caso valdría más de ciento cuarenta dólares.

En el siguiente párrafo sostiene el demandado que la acción ejercitada está prescrita de acuerdo con el artículo 1863 del Código Civil, ed. 1930, por haber transcurrido más de treinta años desde que el demandante y sus causantes perdieron la posesión material de la porción que reclaman.

Y en el quinto y el sexto que ha adquirido por prescripción extraordinaria el dominio de la casa y el usufructo del solar por haberlos poseído sin interrupción, quieta y públicamente a título de dueño por sí y su causante por más de treinta años con anterioridad a la interposición de la demanda (artículo 1859 del Código Civil, ed. 1930 y artículos 35 y 394 de la Ley Hipotecaria) y por prescripción ordinaria porque adquirió por justo título y han transcurrido más de diez años entre presentes desde la fecha de la adquisición. Artículo 1857 del Código Civil, ed. 1930 y artículo 35 de la Ley Hipotecaria.

Fué el pleito a juicio. Una y otra parte practicaron prueba y el 1º. de septiembre de 1936 la corte lo falló, como dijimos, en contra del demandante. Dijo en su opinión:

"Sustanciados los trámites preliminares, visto el juicio durante el cual presentaron las partes copiosa evidencia documental y testifical; realizada por la Corte una inspección ocular sobre el terreno litigioso y presentados por los interesados informes escritos en sostenimiento de sus repectivas contenciones, ha hecho la Corte un minucioso estudio de la prueba practicada, a la luz de las alegaciones, llegando en ese estudio a la conclusión de que jamás el demandante, ni sus antecesores en título han poseído ni en mera tenencia ni en dominio la parcela objeto de la demanda, la cual pertenece a juicio de la Corte, a persona distinta de aquéllas que litigan en este caso y sobre la cual hay una casa que pertenece al demandado."

Dos errores señala el demandante apelante en su alegato y los discute conjuntamente, a saber: cometió la corte error de derecho por infracción de los artículos 356 y 1849 del Código Civil y el 34 de la Ley Hipotecaria y erró al apreciar la prueba.

■ Los artículos del Código Civil que se alegan infringidos corresponden a los 283 y 1848 de su edición de 1930. Prescriben:

"Artículo 283.—La propiedad de una cosa reside siempre en el que tiene sobre ella el inmediato dominio y no en cualquiera otra persona, no obstante que use y disfrute de alguna manera de la cosa ajena."

"Artículo 1848.—Cualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño interrumpe asimismo la posesión."

Y el 34 de la Ley Hipotecaria es como sigue:

"No obstante lo declarado en el artículo anterior, los ·actos o contratos que se ejecuten u otorguen por persona que en el Registro aparezca con derecho para ello no se invalidarán en cuanto a tercero, una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo Registro.

"Solamente en virtud de un título inscrito podrá invalidarse, en perjuicio de tercero, otro título posterior también inscrito, salvo lo dispuesto en el artículo 389.

"Lo dispuesto en este artículo no será aplicable en ningún tiempo al título inscrito con arreglo a lo prevenido en el artículo 390, a menos que la prescripción haya convalidado y asegurado el derecho a que se refiera dicho título."

Tras un estudio detenido de este caso, que es en verdad confuso, creemos que no puede concluirse que la corte, al apreciar la evidencia en la forma en que lo hizo errara, ni infringiera los preceptos de ley que señala el demandante.

Examinemos la evidencia de una y otra parte. Consistió la del demandante en su propia declaración, en la del testigo Juan Ramón Velázquez y en varios documentos.

Dijo el demandante que era dueño de la finca descrita en la demanda y que no estaba en posesión de toda ella; que la parte que posee el demandado vale seiscientos dólares; que en esa parte lo que había era un bohío sin importancia donde vivía Nino Fuertes o Ruperto Aponte; que conoció a Aponte "hace unos cuantos años, hace cuatro o cinco años poseyendo esa finca y que le salió a vender en distintas ocasiones la casa, el bohío nada más"; que el declarante es hombre de negocios y "no puede precisar nada de ese asunto, tan variado que no puede precisar; que él no se preocupaba del solar; que no vió al demandado por allí; que paga contribuciones; que la señora a quien compró "pagaba por todo"; que la casa se quemó en "vida de esa señora y él siguió con el solar"; que él no pagaba contribuciones; que no paga por el solar porque está yermo; que él "compró la casa quemada y a la señora parece que le hicieron una concesión de no pagar contribuciones porque era una casa pobre y él siguió así y ha seguido así"; "que el solar al principio valía mil doscientos dólares; que 'La Democracia' se los ofreció, pero por estar en las condiciones en que está, que se creyeron que salían 16 varas de frente por catorce varas de fondo y resulta que no quedan nada más que ocho por diez"; que su apoderado era Rafael Arce, abogado, quien se entendía con todo, que él le dijo que podía comprar y compró "y que no sabe ni las condiciones en que está."

El otro testigo dijo que vivía en Caguas desde 1905 y conoció a Ruperto Aponte allá por el año 1918 ó 1919; que en aquella época Aponte tenía "una casa en la calle Rafael Cordero, de madera y zinc, y en cierta época fué a ofrecérsela en venta y no se la compró; que después de Ruperto entró en posesión de la casa el Galleguito, no sabiendo después de éste quién la poseyó; "que ha vivido allí casi en aquella calle toda la vida y conoce eso desde esa época, desde el año 1905 al 1906; que en ese solar existía una casa que fué la que Nino Aponte le fué a vender"; que la casa "no era igual en su construcción a la que encontró fabricada ahí

don Isidoro (el demandado) sino una casita"; "que sabe quién es Juanito, que lo conoció viviendo en la casa de Nino Aponte cuando era muy niño . . . y lo ha visto viviendo allí como veinte o veinte y cinco años, siendo la casa de Nino Aponte."

Tal, en resumen, la evidencia testifical del demandante. La documental fué como sigue:

Certificación expedida por el Registrador de la Propiedad de Caguas. Acredita que en agosto 13, 1900, se inscribió "por primera vez la finca núm. 837, así: *Urbana.—Casa* de maderas techada de tejas de barro radicada en la calle del Comercio de esta Ciudad, fabricada en un solar que mide diez y seis varas de frente por treinta y dos de fondo . . . ." Sigue la descripción que coincide con el solar descrito en la demanda. La inscripción se hizo sin perjuicio de tercero de mejor derecho a su propiedad a favor de Agustín Ramírez a virtud de expediente posesorio tramitado en el Juzgado Municipal de Caguas, en el que Ramírez acreditó haber adquirido la finca por compra a Sandalio de Jesús desde hacía cuatro años, sin tener de dicha adquisición título inscribible;

Copia de la escritura pública otorgada en noviembre 17, 1918, por Elvira, Providencia e Isidoro Vieta Grillo a favor de Salvador Vieta Puig, por virtud de la cual los primeros venden al segundo una "Casa, terrera . . . radicada en la calle de Ruiz Belvis . . . antes del Comercio . . . conteniendo el solar en que se halla enclavada . . . treinta y dos varas de frente por treinta y dos de fondo . . ." El documento se inscribió sólo en cuanto a diez y seis varas de frente por treinta y dos de fondo, inscripción séptima, finca 837;

Copia escritura pública otorgada por Vieta Puig y Manuela Rodríguez el 4 de marzo de 1919 por virtud de la cual el primero vende a la segunda la "Casa, terrera, . . . calle Ruiz Belvis . . . conteniendo el solar en que se halla enclavada . . . cuya casa anteriormente descrita, la adquirió por compra que hizo a doña Elvira . . .";

Certificación del Secretario de la Corte Municipal de Caguas de la resolución final de dicha corte de noviembre 19, 1923, declarando convertida en inscripción de dominio la posesoria de la "Finca compuesta de solar y casa . . . calle Ruiz Belvis . . .";

Copia de la escritura pública otorgada por Manuela Rodríguez en noviembre 20, 1923, en la que se transcribe la anterior resolución final y se hace constar lo que sigue: "Que después de tramitado el expediente judicial de que se deja hecho mérito, se ha enterado la compareciente de la publicación de la ley de nuestra Asamblea Legislativa, fecha siete de julio de mil novecientos veintitrés, estableciendo una nueva enmienda al artículo cuatrocientos cuarenta y uno del Reglamento para la ejecución de la Ley Hipotecaria de Puerto Rico; enmienda que excluye la tramitación de expedientes judiciales sobre conversión de inscripción de posesión en inscripción de dominio para aquellos poseedores, como la otorgante, cuando la inscripción de posesión date de más de veinte años y no exista en el registro nota que indique que la prescripción ha sido interrumpida durante dicho término. Y atemperándose la compareciente a los efectos más favorables de la nueva ley enmendatoria del citado artículo cuatrocientos cuarenta y uno, formaliza ahora la presente escritura, interesando del señor registrador de la propiedad de este distrito se sirva hacer la conversión de inscripción de posesión de la finca precedentemente reseñada, en inscripción de dominio, por medio de la correspondiente nota marginal." La copia contiene la de la nota del registrador que dice: "Hecha la conversión . . . por nota al margen de la inscripción 8ª de la finca núm. 837 . . .";

Copia escritura pública otorgada en julio 3, 1926, por Manuela Rodríguez y Salvador Vieta por virtud de la cual la primera vende al segundo la "Finca compuesta de solar y casa . . . calle Ruiz Belvis" cuya inscripción posesoria fué convertida en dominio. El documento causó la inscripción 9ª. de la finca 837 a favor de Vieta, el demandante.

Antes de entrar en el estudio de esa evidencia parece conveniente resumir la del demandado. Entonces nos encontraremos en mejores condiciones para el examen combinado de ambas.

Fué también dicha evidencia testifical y documental. Como testigo declaró el propio demandado. Dijo, en resumen, que Ruperto Aponte, que se dedicaba a la siembra de tabaco, allá por el año de 1916 para garantizar un préstamo hipotecó a su hermano Ricardo Alvarez tres casitas que tenía, entre ellas la número 28 de la calle de Rafael Cordero y en esa transacción figuró el declarante como apoderado de su hermano. "Encontré una casa bien hecha, tres puertas a la calle, dos inodoros, cubierta de tejas de barro"; que la familia Vieta tenía la casa colindante con frente a la calle Ruiz Belvis, ambas situadas en solares contiguos pero distintos; que reside en Caguas desde hace treinta y cinco años y "la primera palabra que se ha dicho siempre es que los solares de Caguas son del Municipio"; esta última manifestación fué eliminada a moción del demandante.

Siguió declarando que Aponte no pudo pagar y tuvo que vender la casa comprándosela el testigo en el año 1917 o en el 1918, poseyéndola desde entonces; que siempre ha reconocido como dueño del solar al municipio; que le pagó el tributo de usufructo; que nadie le reclamó el solar como dueño hasta principios de 1934 o diciembre de 1933 en que por virtud de los desperfectos que ocasionara a la casa el ciclón tuvo que repararla y estando en ello se presentó Manuelito Jiménez y dijo a la Sanidad que quería que mandara a parar la obra porque el solar era de otra persona, a lo que Sanidad se negó, siendo ése el primer día que tuvo conocimiento, después de treinta años, que el solar era de Vieta.

Los documentos presentados fueron:

Copia de escritura pública otorgada en Caguas el 3 de junio de 1916 por Ruperto Aponte y su esposa e Isidoro Alvarez como apoderado de Ricardo Alvarez por virtud de la cual los primeros hipotecaron a favor del segundo dos casas, una

de las cuales se describió así: *"Urbana.*—Casa terrera, de maderas del país y techo de zinc, situada en la calle de Rafael Cordero, número 28, de esta ciudad, de nueve metros de frente por ocho metros quince centímetros de fondo, enclava en un solar, propiedad del Municipio de Caguas que disfruta el esposo manifestante en concepto de usufructo por concesión que le hizo dicho municipio desde hace unos catorce años y colinda por el Norte con don Isidoro Vieta . . ." Luego en la cláusula segunda aparece lo que sigue: "Que los solares en que enclavan las dos referidas casas fueron segregados, para los efectos de la concesión de usufructo en favor del esposo otorgante, de una finca propiedad del municipio, que se describe así: *Urbana:* Terreno destinado al fomento de esta población, de ochenta y una cuerdas, . . . inscrito en el Registro de la Propiedad al folio 92, tomo once de Caguas, finca número 562, inscripción primera";

Copia de escritura pública otorgada en junio 22, 1919, por Ruperto Aponte y su esposa e Isidoro Alvarez, por virtud de la cual los primeros vendieron al último la casa de maderas número 28 de la calle de Rafael Cordero de Caguas, ubicada en solar del Municipio;

Certificación del Registrador de la Propiedad de Caguas que comprende (a) copia literal de la primera inscripción de la finca 837 a virtud del posesorio a favor de Ramírez, (b) copias de los siguientes documentos archivados en el Archivo de Documentos Públicos del Registro: certificación del Secretario del Ayuntamiento de Caguas, de mayo 21, 1900, de que Ramírez posee a título de dueño una casa de maderas situada en la calle del Comercio y que dicha finca no figura en el reparto de contribuciones por encontrarse comprendida en la regla tercera del reglamento de impuesto de la contribución por urbana, y escrito dirigido por Ramírez al Juez Municipal iniciado el expediente posesorio y diligencias de su tramitación hasta el auto definitivo; (o) copia literal de la inscripción primera de la posesión de la casa en solar núm. 28, calle de Rafael Cordero, del Municipio de Caguas, colin-

dante al Norte con Vieta hecha a favor de Ruperto Aponte y su esposa Bibiana Ramos en junio 16, 1916, haciéndose constar que el solar es parte de la finca número 562 inscrita a favor del municipio; y (d) copia de la inscripción de la venta de la casa núm. 28, calle Rafael Cordero, Caguas, a favor del demandado, practicada el 15 de junio de 1922;

Certificación del Tesorero de Puerto Rico de una planilla para 1917–18 a los efectos de la contribución sobre la propiedad presentada bajo juramento por Josefa Grillo de Vieta con referencia a la finca cuyas colindancias se dan como sigue: Norte, Ruiz Belvis esq. Rafael Cordero, Sur, Ruperto Aponte, Este, Rafael Cordero, haciéndose constar que el solar pertenece al municipio y fijándose el valor de la casa en quinientos dólares;

Certificación del Tesorero de Puerto Rico referente al informe jurado presentado por Isidro Vieta a los efectos de la contribución sobre propiedad, año 1910–11 en el que valora la casa en trescientos dólares y dice que el solar es del municipio;

Certificación del Tesorero de Puerto Rico del informe jurado presentado por Isidoro Alvarez a los efectos de la contribución sobre propiedad de la casa núm. 28, calle Rafael Cordero de Caguas, solar colindando por el Norte con Isidro Vieta, en el que da a la casa un valor de trescientos dólares y dice que el solar es del municipio. Año económico 1920–21;

Certificación del Tesorero de Puerto Rico con respecto al informe de Ruperto Aponte de la casa núm. 28, Rafael Cordero, Caguas, en solar del municipio. Año económico 1909–1910;

Certificación del Secretario del Municipio de Caguas sobre autorización a A. Ramírez en 1896 para fabricar una casa en la calle de Ubarri y sobre acuerdo de 1900 variando el nombre de las calles de la ciudad.

Por último se practicó una inspección ocular haciéndose constar en el acta de la misma lo que sigue:

"En la esquina de las calles Rafael Cordero y Ruiz Belvis hay un solar vacío con restos del cimiento de una construcción que existió sobre el mismo. El cimiento es de material y una parte del suelo está cubierto de pavimento en mal estado. El material demuestra que está en ese sitio colocado desde antiguamente. La medida del solar por su frente a la calle Ruiz Belvis da exactamente 16 varas y hacia atrás, es decir, hacia el frente que da a la calle Rafael Cordero, mide 35 pies. El fondo de ese solar considerando el frente como el que da a la calle Ruiz Belvis, da a la casa del demandado que se dice ocupa terrenos del solar del demandante. Por el frente a la calle Rafael Cordero mide 37 pies 5 pulgadas, tomando como base un sardinel que aparece por el frente de la calle Ruiz Belvis. Desde este sardinel, contándose 32 en esa distancia se encuentra, no sólo el solar propiedad del demandante, sino la totalidad del que se alega propiedad del demandado y parte del que por el Sur colinda con la propiedad del demandado. Tanto desde afuera como examinada desde el interior la casa propiedad del demandado revela una construcción también muy antigua, las tablas son anchas y al parecer, por su consistencia, de maderas del país en gran parte, teniendo esquineros antiguos también de la misma madera, característica que también revela la parte suya construída de material como cimientos, zócalos, etc."

Basta la mera exposición de la evidencia en su totalidad para concluir como ya adelantamos que la corte sentenciadora no erró al apreciarla ni infringió en su sentencia los preceptos de la ley que se señalan.

De las propias declaraciones del demandante y de Velázquez, su testigo, confusas, vacilantes y contradictorias, se deduce que el demandante jamás tuvo de hecho sobre la casa que reclama el "inmediato dominio" de que habla el artículo 283 del Código Civil, ed. 1930.

Por otra parte la evidencia del demandado en relación con la declaración del testigo del demandante Velázquez demuestra que el demandado y sus antecesores poseyeron desde 1902 como dueños la casa enclavada en el solar que se reclama y el solar con el consentimiento de su dueño el Municipio de Caguas.

Es cierto que el solar está comprendido dentro de los límites de aquél en que se dijo que estaba fabricada la casa de Ramírez en el expediente posesorio resuelto en 1900 e inscrito en el registro, pero si se examinan cuidadosamente el expediente y la inscripción que causara a la luz de lo manifestado por antecesores en título del demandante en las planillas presentadas a los efectos del pago de la contribución, expresamente consignando que el solar pertenecía al municipio, valorando sólo la casa y fijando la colindancia Sur con Aponte, se verá que la propiedad de Ramírez y de sus sucesores, el último de los cuales es hoy el demandante, estaba limitada a la casa, perteneciendo la del solar al municipio.

Llama la atención el hecho de que es la "Casa" la que predomina en la primera inscripción, en la escritura de venta a Vieta de 1918 y en la de venta a la Señora Rodríguez de 1919. Es cuando se acude a la conversión que se habla de "finca compuesta de solar y casa" y eso se hace en 1923 cuando ya estaba inscrita desde 1916 en el propio registro la posesión de la casa que hoy pertenece al demandado a favor de su antecesor Ruperto Aponte en concepto de dueño, edificada sobre la porción que se reclama que se hizo constar que le había sido cedida en usufructo por su propietario el municipio, describiéndose la finca mayor de donde procedía.

No hemos encontrado en la evidencia comprobado lo alegado en la contestación con respecto a que la inscripción de la finca 562 de la cual se segregó el solar que ocupa la casa del demandado se hiciera a favor del municipio en el año de 1890, en cuanto a la fecha exacta, pero sí consta de ella sin duda alguna que se hizo con anterioridad porque la finca del municipio lleva el indicado número 562 y la de Ramírez el 837. De suerte que aunque se diera al posesorio de 1900 un alcance que en verdad no tiene, o por lo menos es muy dudoso que tenga, habría que concluir que cuando se inscribió, ya estaba inscrita en el registro la base en que descansa el derecho de usufructo del demandado inscrito concretamente a favor de su antecesor en 1916 y luego a favor suyo en 1922.

La sentencia recurrida se ajusta, pues, perfectamente a la Ley Hipotecaria. Ni el señalado por el demandante apelante ni ninguno de sus otros artículos fué infringido.

Examinado en sí mismo el título de dominio alegado por el demandante sobre la porción de terreno poseída por. el demandado, es dudoso de acuerdo con el propio Registro que es lo que más le favorece. Y resultaría siempre ineficaz aunque del registro apareciera claro porque por un período mayor de treinta años con anterioridad a la fecha de la interposición de la demanda—diciembre 2, 1933—dejó de ejercitarlo. Es más, admitió—planillas—que no lo tenía y reconoció la posesión adversa en otra persona—planillas, declaración de su testigo Velázquez, evidencia del demandado.

Por el contrario el derecho del demandado—dominio de la casa y usufructo del solar—ha quedado tan clara y firmemente demostrado de acuerdo con el registro y con la prueba documental y testifical, que no es posible dejar de reconocerlo.

█ Insiste el demandante apelante en que el demandado no puede alegar la prescripción a su favor en concepto de usufructuario del Municipio de Caguas.

La posición del demandado es ésta: Se le demanda como detentador de una porción de terreno sobre la cual tiene una casa, el que lo demanda alega un título inscrito en el registro que aparentemente cubre dicha porción. Él a su vez se considera no un detentador, sino un poseedor legal. Compró y tiene inscrito su derecho en el registro. La casa la edificó su vendedor sobre un solar del municipio que le concediera éste, su legítimo dueño, desde hacía más de treinta años. Por la concesión y si ésta no fuera bastante por la posesión en concepto de dueño durante treinta años no interrumpida, pública y pacífica aquél su derecho real de usufructo quedó en él consolidado ¿cómo no va a poder alegarlo en su defensa? No se trata de posesión por mera tolerancia, se trata de una posesión adversa al demandante. No se trata de un derecho personal, sino de uno real.

El usufructo se constituye por la ley, por la voluntad de las partes manifestada por actos *inter vivos* o en última voluntad y por *prescripción,* expresamente dispone el Código Civil, ed. 1930, en su artículo 307. Y comentando Manresa el artículo correspondiente del Código Civil Español—el 468—dice:

"*Usufructos mixtos (Prescripción).*—El artículo 468 no hace en este punto más que reconocer una verdad. Se adquieren por la prescripción el dominio y los derechos reales, y siendo derecho real el usufructo, indudablemente resulta comprendido en el artículo 1940. Para ello se necesita poseer o ejercitar el derecho de usufructo durante cierto tiempo, careciendo de modo de adquirir, sea con título o sin él, de buena o de mala fe. El tiempo será de tres o seis años en los bienes muebles, y de diez o treinta en los inmuebles, como veremos en su lugar.

"Juzgándose D propietario de ciertos bienes de un ausente, dispone que para después de su muerte pasen en usufructo a su viuda y en nuda propiedad a su hermano. Posee la usufructuaria con buena fe por tres o diez años esos bienes según su clase, y por lo mismo que D no era el legítimo propietario, queda constituido por prescripción lo mismo el usufructo que la nuda propiedad." 4 Comentarios al Código Civil Español, 5a. ed., pág. 331.

Nos referiremos ahora a la apelación del demandado. Examinados los documentos que presentara y que la corte se negó a admitir a virtud de la oposición del demandante, se concluye que su caso hubiera sido aun más fuerte si dichos documentos se hubieran admitido.

Pero como la sentencia dictada finalmente a su favor se sostiene con la evidencia admitida y la apelación del demandante será en tal virtud declarada sin lugar, nada más hay que hacer, resultando académico el recurso, motivo por el cual deberá ser desestimado.

*Procede, pues, la confirmación de la sentencia recurrida.*

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.